THE STATE OF OHIO *v.* MIQDADI.

(Nos. 29018 & 29019—Decided April 23, 1970.)

Municipal Court of Franklin County.

*Mr. James V. Rose*, for plaintiff.
*Mr. Laurence E. Sturtz*, for defendant.

FAIS, J. This matter comes before the court on motions filed by the defendant's counsel for an order declaring the arrests of November 10, 1969, to be void and invalid. A further request is made to quash the affidavits for such arrests, to quash the arrest warrants issued on said affidavits, and for a final order summarily dismissing the charges against the defendant.

The affidavit in case number 29018, filed November 10, 1969, was signed by Thomas McGovern and charges the defendant with knowingly selling an obscene, lewd, lascivious magazene, to wit: Vol. I, Coming Together, in violation of R. C. 2905.34.

The affidavit in case number 29019, filed November 10, 1969, was signed by Thomas McGovern and charges the defendant with knowingly selling an obscene, lewd, lascivious magagine, to wit: Boys Together, in violation of R. C. 2905.34.

Both affidavits appear to be in order, and appear to have been properly filed. Subsequent to the filing of the defendant's motions, a memorandum was filed on behalf of the plaintiff, the state of Ohio. Defendant then filed a reply memorandum. Thereafter, on February 11, 1970, an oral hearing was held and defendant's counsel offered and introduced evidence in his behalf by calling to the witness stand police officer Thomas McGovern.

In substance, witness McGovern testified under oath that he and officers Craft and Jackson viewed books on display at the defendant's book store, and after perusing the books, came to a joint conclusion that the magazines named in the affidavits were, in their opinion and in their judgment, "obscene." All three officers concurred in that judgment. The two magazines in question were introduced into evidence at the hearing, and the court was requested to examine the publications in considering the motions of the defendant.

In the first motion submitted by the defendant, it is urged that this court must quash the affidavits for the reason that the defendant is entitled to a "prior judicial adversary hearing" before the arrest warrant or the arrest takes place. This court has considered the authorities cited by the defendant and agrees with the defendant's counsel that the cases in the United States Supreme Court, namely, *Marcus* v. *Search Warrants,* 376 U. S. 717, and *A Quantity of Copies of Books* v. *Kansas,* 378 U. S. 205, each involved the use of search warrants to search for obscene literature. Thus, these two decisions are not precisely in point.

A later case decided by the United States District Court for the Western District of North Carolina, *Drive-In Theatres, Inc.,* v. *Husky,* 305 F. Supp. 1232, also considered the question of a "prior adversary hearing" on the question of obscenity. The court held that the "prior adversary hearing" was necessary, in its opinion, before issuance of a warrant, but nowhere in the opinion does the court describe or define the procedure of the suggested "prior adversary hearing." Therefore, it is left to conjecture and speculation as to what is meant by a "prior adversary hearing." Upon what basis or under what rule of court or statute would such a procedure be instituted?

Nowhere in the statutes of this state is procedure provided as suggested and requested by the defendant. Likewise, the rules of this court do not provide for "prior judicial adversary proceedings." Furthermore, this court is not ready or willing to legislate in the field of criminal law procedure, and the suggested practice by the defendant's counsel will have to come about by an act of the state Legislature. Actually, the defendant herein is requesting preferential treatment, or extra-judicial performance by this court—he is requesting action which is not regularly or ever accorded to an accused person in Ohio. Reported cases in Ohio do not support the defendant's motion.

Administrative agencies, established by the Legislature, at times, conduct informal hearings on matters to come before them, but these agencies have established and prescribed rules for such investigative inquiries. A court of law cannot act with such informality or conduct its work beyond the authority granted it by the legislative body of the state. This court is not inclined to go beyond its authority granted by the Legislature, to give what amounts to a preference to a person accused of violating R. C. 2905.34.

Other persons accused of the commission of a crime, other than that of obscenity, might well file motions in this court suggesting that the law enforcement officer's judgment must be questioned and decided before arrest. In other words, a court determination of the officer's judgment might be raised by any defendant before any arrest

where the commission of a crime is dependent upon the arresting officer's judgment.

The procedure requested by the defendant would place the court in the position of a law enforcement officer or agency. That is to say, the defendant requests that the court view the material in question and predetermine its obscenity or lack of obscenity. If the court, in its judgment, finds on such a "hearing" that the material is obscene, then the court says to the officer, "Issue your warrant and arrest the person so accused under R. C. 2905.34." The court is thus placed in the original position of the police officer. If the court finds there is an absence of obscenity, then the court would say to the officer, "There is no probable cause to believe that a crime has been committed." This court should never be placed in the position of a law enforcement body such as suggested by "a prior judicial adversary proceeding" under the facts and circumstances presented herein.

Also, this court questions the advocacy rights of parties involved in a so-called "prior judicial adversary proceeding." In such a proceeding there would be no "parties" for no legal action is pending. What is the position of the court to compel parties to appear, to force or summon the appearance of witnesses, to arbitrarily apply rules of evidence, to hold persons or parties in contempt if this occasion arises, or to act in a purely quasi-judicial capacity. The defendant is requesting a court of law to sit as an agent for the law enforcement agency. Is it not true that the court would be subjecting itself to a non-adversary proceeding, because an "adversary" proceeding implies that there are opposing parties and interests. Certainly, there are no adverse interests in a case which is not filed and regularly placed upon the clerk's docket.

The defendant and the federal courts use the words "judicial hearing." What would be the "judicial" character of a judge viewing and passing upon the character of purported obscene material? This court is of the opinion that such action by the court would be without any judicial posture. The court can assume its judicial functions only when an action is pending and the parties are

properly before it. This court concludes there would be nothing "judicial" and nothing "adversary" about the suggested role of the court in this case. If the defendant is objecting to the judgment of the police officer and contending that the statute is unconstitutional, is not the statute just as "unconstitutional" on the defendant's standards if the court acts in concert with the officer in expressing a judgment prior to arrest. If the court should proceed as requested by the defendant, the court might become clothed in a cloak of private malice.

This court recognizes the separation of powers under the United States Constitution, and will not legislate or assume the role of a law enforcement agency under any consideration or conditions. The officer is granted the right and power to make an arrest under R. C. 2905.34, and the officer's judgment is the basis of the statute. There are other statutes and ordinances which permit law enforcement officials to act upon their own judgments, such as a person being under the influence of alcohol, vagrancy, suspicious persons, and driving an automobile while under the influence of alcohol. The officer has the sworn duty to protect and guard against violations of statutes involving health, welfare, safety, and morals of a community, and he must make daily judgments on suspected violations of the same.

This court cannot envision a "prior judicial adversary proceeding" as such, nor can this court recommend that such suggested practice would serve any purpose to the state or its citizens, nor would the defendant's suggestion preserve a right or rights otherwise denied. Any person arrested under R. C. 2905.34 has every legal protection and right to prove his innocence, and this decision deprives no citizen of his or her constitutional rights of free speech or freedom of the press. The accused is entitled to his day in court, and such rights are preserved by R. C. 2905.34.

To reach its conclusion, this court has further considered the case of *Bazzell* v. *Gibbens,* 306 F. Supp. 1057, decided December 9, 1969. The Louisiana federal court draws a crucial distinction between quantity seizures for destruction and single copy seizures for evidentiary pur-

poses. This Eastern Louisiana Federal District Court found no constitutional defect in the absence of a prior hearing when the state obtains a single copy of a film for use as evidence in an obscenity prosecution.

The court observed in part as follows:

"* * * I find nothing in the case law to indicate that in every case where a seizure of alleged obscene material is to be made, a pre-seizure adversary hearing is constitutionally required. Whether or not such a hearing is required must depend upon the nature and purpose of the seizure. If the seizure is made for the purpose of destroying the thing seized and for the purpose of preventing the dissemination of the material involved, then *A Quantity of Books* teaches that an adversary hearing prior to the seizure and/or destruction of the material is required in order not to run afoul of the First Amendment guarantee to the right of freedom of expression. But where, as here, a single copy of a film is seized for the sole purpose of preserving it as evidence to be used in a criminal action to be brought pursuant to a State statute already held, in all respects pertinent hereto, to be constitutional on its face, * * * such a seizure cannot be said to be violative of the First Amendment's guarantees * * *. In the case of *A Quantity of Books,* the state did not seize one book or even one of several different books to be used as evidence. Instead it seized 1715 copies of 31 books, and then, after a hearing, the court ordered all copies destroyed. It is extremely doubtful that the United States Supreme Court would have considered this seizure illegal had the State merely seized one copy of the books in question to be preserved as evidence, while allowing the defendant to continue disseminating the remainder of the material pending trial. * * *"

This court recognizes that the questions which are now here presented involve a newly, and perhaps rapidly, developing field of case law and legislative enactments, and it is to be expected that state legislatures and subsequent decisions by state and federal courts will clarify and more fully define the respective rights between the state and persons accused of violating obscenity statutes.

This court has also been requested to direct its attention to the question of probable cause with respect to the two magazines cited in each affidavit. The decisions of the United States Supreme Court notwithstanding, relating to what is obscene and what is not obscene, this court finds that there is probable cause to support both affidavits so far as a violation of our Ohio obscenity statute is concerned.

Based upon the foregoing, the findings of this court as to the defendant's motions are as follows:

1. The arrests of the defendant on November 10, 1969, are valid and in accordance with law.

2. The affidavits for the arrest warrants dated November 10, 1969, are valid and in accordance with law.

3. The arrest warrants issued upon the basis of the affidavits of November 10, 1969, are valid and in accordance with law.

4. The lack of a "prior adversary judicial proceeding" in this case does not deprive the defendant of any constitutional guaranties, including the right of free speech and freedom of the press.

5. This court does have jurisdiction over the subject matter of this cause, and there is probable cause for the filing of the affidavits and the issuance of warrants and the subsequent arrests of the defendant. And, the two publications involved, *Boys Together* and *Coming Together,* are, in this court's opinion, obscene within the definition of R. C. 2905.34.

It is therefore the order of this court that the defendant's motion filed December 22, 1969, is overruled in its entirety; that the defendant's motion for a summary dismissal of the charges against the defendant is overruled; that these cases go forward promptly and with dispatch as to the further proceedings available to all parties.

*Motions overruled.*